RAMOS ET AL., APPELLEES, *v.* KUZAS, M.D., ET AL.; MARYMOUNT HOSPITAL, APPELLANT.

[Cite as *Ramos v. Kuzas* (1992), 65 Ohio St.3d 42.]

(No. 92–748—Submitted September 15, 1992—Decided October 28, 1992.)

*Weisman, Goldberg & Weisman* and *R. Eric Kennedy; Simon, Blair & Associates* and *Lynn B. Simon,* for appellees.

*Kitchen, Deery & Barnhouse, Charles W. Kitchen* and *William F. Schmitz; Robison, Curphey & O'Connell* and *E. Thomas Maguire,* for appellant.

The motion to certify the record is allowed in part, with respect to defendant-appellant Marymount Hospital's fourth proposition of law and overruled in part with respect to all other claims before this court.

The fourth proposition of law in the case at bar asserts that: "Loss of enjoyment is no more than another term for conscious pain and suffering and, because of the potential for a prejudicial inflation of general damages, shall not be used in the trial courts of this state." In *Fantozzi v. Sandusky Cement Prod. Co.* (1992), 64 Ohio St.3d 601, 597 N.E.2d 474, we announced that "loss of enjoyment of life" damages when considered in the form of the "loss of ability to perform the plaintiff's usual functions" may be separately compensable under certain circumstances and limitations.

In the present case plaintiff-appellee Rachel Leah Ramos was injured while in utero or at birth by the negligence of her physician and hospital staff. The jury awarded two separate items of damages, among other damages, which are of special concern here. Specifically, the interrogatories returned by the jury that are pertinent to appellant's fourth proposition of law are:

"3. Verdict in favor of Rachel Ramos for past and future pain, suffering and *disability* in the amount of $1,000,000.

"4. Verdict in favor of Rachel Ramos for loss of normal enjoyment of life in the amount of $250,000." (Emphasis added.) See Interrogatory Regarding Breakdown of Verdict.

In reviewing the two interrogatories above, we conclude that they conflict, in part, with our recent opinion in *Fantozzi.* In *Fantozzi,* we observed that the "loss of ability to perform the plaintiff's usual functions" (*i.e.,* loss of enjoyment of life) damages can be categorized as either "basic" or "hedonic" in form. "Basic losses" or disability losses include the inability to perform the basic mechanical body movements of walking, climbing stairs, feeding oneself, and driving a car. 64 Ohio St.3d at 614–615, 597 N.E.2d at 484–485. "Hedonic losses" include the inability to perform the plaintiff's usual specific activities which had given pleasure to this particular plaintiff, such as playing golf, dancing, bowling, playing musical instruments, and engaging in specific outdoor sports. *Id.* at 617, 597 N.E.2d at 486. The conflict in the jury interrogatories submitted in this case occurs because appellee Rachel Ramos is provided with *separate* recoveries for "basic losses" and "hedonic losses." Specifically, the jury awarded separate damages for "past and future pain, suffering and disability [which are considered basic losses such as the ability to walk] * * *," along with damages for "loss of normal enjoyment of life [hedonic losses] * * *." As we stated in *Fantozzi:*

"Our intent is that the trial court shall henceforth instruct the jury that if it awards damages for loss of ability to perform usual activities (*which will also encompass the permanency of the disability suffered*), the jury must not award additional damages for that same loss when considering any other element of damages, *such as physical and mental pain and suffering, as*

*such additional award would be duplicative.*" (Emphasis added.) *Id.* at 618, 597 N.E.2d at 486.

Thus, in this case the jury improperly awarded appellee Rachel Ramos separate recoveries for "basic losses" and "hedonic losses." Clearly, appellee is entitled to her "basic losses" awarded under the jury's third interrogatory. However, appellee is not entitled to "hedonic losses" awarded under the jury's fourth interrogatory, since she was injured either in utero or at birth. This result is premised on the fact that a newborn cannot suffer "hedonic" damages, since he or she has not had adequate time to develop an ability to perform a pleasurable activity or hobby specifically identified to his or her lifestyle (for example, dancing).

Accordingly, in light of our analysis in *Fantozzi v. Sandusky Cement Prod. Co., supra,* we vacate the portion of the award given to appellee Rachel Ramos for loss of normal enjoyment of life, $250,000, since it duplicates, in part, damages already awarded for her disability and is improper given her age at the time of her injuries.

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.